From F. H. Laird, Beaver, Pa.

---

## Lavery's Nomination Papers.

*Election—Nomination papers—Signatures—Qualified electors.*

1. The Act of July 9, 1919, P. L. 855, requires that nomination paper be signed by qualified electors of the electoral district for which the nomination is made, and by at least 2 per cent. of the largest entire vote for any officer elected at the last preceding election in the election district for which the nominations are designed to be made.

2. The name of each person signed on the petition, as well as the residence and occupation, must be written by the person himself, and if not so written, should not be included in the computation.

Petition to strike off nomination papers. C. P. Erie Co., Nov. T., 1923, No. 170.

*P. V. Gifford*, for petitioners.

ROSSITER, P. J., Oct. 13, 1923.—This case came on to be heard on petition, personal service and testimony. The petitioners appeared in person and by attorney. The respondent did not appear, nor was he represented. The facts found are as follows:

1. That on Oct. 8, 1923, James F. Lavery, the respondent, filed nomination papers of the "People's Party or Policy" for County Commissioner of Erie County, Pennsylvania.

2. That on Oct. 10, 1923, Joseph F. Rogan and Joseph Y. Moorhead filed their "objections to nomination papers" to the above term and number, reciting, among other things:

"That your petitioners object to said nomination papers filed as above set forth for the following reasons:

"That a large number of the names of the electors on said petition do not appear to be written by the person or persons designated, and whose names appear upon said petition.

"That a large number of names and groups of names on said petition appear to be written in the handwriting of the same individual as respects each particular group of names.

"That in the case of a large number of signatures of electors on said petition, the places of residence and occupation of said electors are not written in the handwriting of the said electors, and does not appear to have been added by the person who wrote the names of said electors.

"That said petition does not contain a sufficient number of valid signatures as required by the act of assembly in such case made and provided.

"That said petition is in other respects informal, defective and insufficient."

3. That an inspection of said petition clearly discloses that the names of a large number of persons are written upon said petition by some other person

than the individual whose name appears, and such signatures are not in the handwriting of the purported signer, and 156 names fall within this class.

4. That in more than a majority of instances the places of residences and occupations given are not in the same handwriting as the names of the persons alleged to be the signers.

5. That the official computation of the last general election in Erie County, that is, for the year 1922, shows that the largest number of votes cast for any one office were cast for the office of Governor, and the total votes cast for Governor at said election were 20,508; 2 per cent. of which vote would be 410.

6. That there are 534 names, all told, upon the petition, and deducting the number which appear to be invalid because improperly written, to wit, 156, would leave a balance of but 378.

7. That upon the petition James F. Lavery designates his place of residence as Elk Creek Township, Erie County, and the assessment books of Elk Creek Township for the years 1922 and 1923 do not show that any tax was assessed to James F. Lavery for either of said years, nor do the registry books of said township for the years 1922 and 1923 show that a tax was assessed against or paid by James F. Lavery for either of said years.

8. That James F. Lavery is one of the five making affidavit to the petition as a qualified elector of said county.

### Legal conclusions.

1. That the Act of July 9, 1919, P. L. 855, requires that nomination papers shall be signed by qualified electors of the electoral district for which the nomination is made, and by at least 2 per cent. of the largest entire vote for any officer elected at the last preceding election in said election district for which the nominations are designed to be made.

2. That the name of each person signed on the petition, as well as his residence and occupation, must be written by the person himself to be in compliance with the Act of July 9, 1919, P. L. 855.

3. That there being 156 names not complying with said provision, they should not be counted or computed on said petition.

4. That there being at least a majority of the residences and occupations, as given upon the petition, written, as appears from the petition, not by the signer, but by some one else, these names should not be computed.

5. That James F. Lavery not being a qualified elector of the district, the said nomination papers have not been executed in the manner provided by law, and are, therefore, void.

6. That said nomination, or petition for nomination, shall be deemed to be void and of no effect, and be rejected.

### Discussion.

There is little need for discussion, as the facts as found unequivocally appear upon the face of the nominating paper itself and the testimony offered. The legal conclusions are all founded upon the Act of July 9, 1919, P. L. 855.

### Order.

Now, therefore, Oct. 13, 1923, it is ordered, adjudged and decreed that the nomination petition filed by James F. Lavery, Oct. 8, 1923, for nomination for the office of county commissioner on the People's Party ticket is wholly null and void; that the same be rejected by the county commissioners, and that the name of James F. Lavery upon the People's Party ticket as aforesaid be omitted from the official ballot for the general election to be held Nov. 6, 1923.

From Lytle F. Perry, Erie, Pa.